RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 9/30/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| THADDAUS SINGLETON et al. | CIVIL ACTION NO. 10-0163 |
| -vs- | JUDGE DRELL |
| TOWN OF VIDALIA | MAGISTRATE JUDGE KIRK |

## RULING

Before the Court is a "Motion for Summary Judgment" filed by the TOWN OF VIDALIA in the above captioned matter. (Doc. 18). For the following reasons, the motion is **GRANTED**.

I. <u>Procedural Background</u>

On February 5, 2010, Thaddaus Singleton and Windell Millicks filed a Petition for Damages (Doc. 1) alleging Defendant discriminated against them on the basis of their race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the United States and Louisiana Constitutions. Plaintiffs' complaint further asserts Defendant violated their First Amendment rights. Specifically, Plaintiffs allege Defendant failed to communicate properly with Plaintiffs while they were employed with the Town's Department of Housing and Urban Development ("DHUD"). Plaintiffs claim this lack of communication caused deficiencies in Plaintiffs' performance for which they were terminated, and the failure

to communicate and termination were based on Plaintiffs' race (they are African-American).

In a ruling dated August 23, 2010, this Court dismissed Plaintiff's First Amendment claims. (Doc. 12). Defendant filed the present Motion for Summary Judgment to dismiss the remaining discrimination claims. (Doc. 18). Plaintiffs opposed the motion (Doc. 22) to which Defendant replied (Doc. 28). We have considered the pleadings and documents in this matter, and the disposition of the motion is now ripe.

II. Law and Analysis

    A. Legal Standards

        1. *Motion for Summary Judgment*

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although Rule 56 was amended effective December 1, 2010, "the amended rule contains no substantive change to the standard." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680, n.8 (5th Cir. 2011). An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider all "evidence in the light most favorable to the party resisting the motion." Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant

is entitled to judgment as a matter of law. A discrimination claim pursuant to Title VII may properly be considered on a motion for summary judgment. E.g., Okoye v. Univ. of Texas Houston Health Sci. Ctr., 245 F.3d 507 (5th Cir. 2001).

### 2. *Discrimination Claims*

In order to succeed on its motion for summary judgment, Defendant must show there is no genuine dispute as to any material fact that Plaintiffs cannot prove the required elements of their discrimination claims. In order to establish a prima facie case for discrimination, Plaintiffs must provide evidence that they:

(1) are members of a protected class;

(2) were qualified for their positions;

(3) were subject to an adverse employment action; and

(4) were replaced by someone outside the protected class, or, in the case of disparate treatment, show that others similarly situated were treated more favorably.

Id. at 512–13 (internal quotations and citations omitted). Plaintiffs and Defendant cite the flagship Title VII case, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). In McDonnell Douglas, the Supreme Court employed a framework which requires plaintiff to prove his prima facie case before shifting the burden to defendant to articulate a "legitimate, nondiscriminatory reason for the employment action." Id. at 802. This basic framework has been used extensively in the Fifth Circuit. E.g., McInnis v. Alamo Community College Dist., 207 F.3d 276 (5th Cir. 2000).

However, shifting the burden to the defendant is triggered only by the plaintiff's ability to set forth a prima facie case for discrimination. For the following

3

reasons, Plaintiffs in the current matter have failed to meet the elements for their prima facie case, and we need not address the legal standards required of the defendant under the McDonnell Douglas framework.

B. Analysis of Plaintiffs' Claims

Plaintiffs are both African-American and are members of a protected class. Defendant hired Plaintiffs in June 2008 to work in the Town's newly created DHUD. (Doc. 18-2). Based on this fact, Plaintiffs are presumed to be technically "qualified" for their positions for the purpose of meeting the second element of their prima facie case. Neither party has disputed this element. Both Plaintiffs were terminated and this constitutes an adverse employment action.

It is on the fourth and final element that Plaintiffs fall short. This element requires Plaintiffs show either (1) they were replaced by someone outside the protected class; *or* (2) others similarly situated were treated more favorably. We begin with the second option. By their own admission, both in their Response to Statement of Uncontested Facts (Doc. 22-2) and their Response to Interrogatories (Doc. 18-6), Plaintiffs are unable to identify any employee who was similarly situated to them and who was treated more favorably. The evidence presented in connection with this motion supports the lack of dispute on this fact.

As to the first option–they were replaced by someone outside the protected class–Plaintiffs are again unable to point to a genuine dispute of material fact. Prior to Plaintiffs' termination, Defendant hired a consultant, Rita Ferrall, to evaluate the DHUD. Ms. Ferrall observed and interacted with Plaintiffs, and she reported she did

4

not believe Plaintiffs were capable of successfully operating the program. (Doc. 18-3). After Plaintiffs' termination, Ms. Ferrall was hired as a contracted consultant to address housing in the Town, and she was engaged by the Town to train Georganna Berry to take over the Town's housing work once Ms. Ferrall finished her consultant work. Both Ms. Ferrall and Ms. Berry are African-American, and therefore within the same protected class as Plaintiffs.

Plaintiffs contend Defendant replaced them with Kenneth Walker, a Caucasian male (outside the protected class) and the City Manager of the Town. Under the Town's infrastructure, the DHUD (and consequently Plaintiffs), reported directly to Mr. Walker. After Plaintiffs were terminated, the DHUD ceased to exist as a separate department as described by Mayor Hyram Copeland in his deposition (Doc. 23-2, pp. 14–15):

> A: We don't have a housing department. It's all incorporated within the city itself.
> Q: But you have sort of a program?
> A: Again it's incorporated within the city. Far as a program it's - -
> Q: Has it - - go ahead.
> A: - - incorporated within the city itself.
> Q: How would you describe it? Is it a department, a division, an office or would you describe - -
> A: It's under the direction of Mr. Walker. It's not a specific program. It's just something - - housing that we're working on.

Mr. Walker continued to supervise the work being done by Ms. Ferrall and Ms. Berry, just as he had done with the DHUD and Plaintiffs. If Plaintiffs were in fact "replaced" by anyone, it was by two African-American women who were within the same protected class as Plaintiffs. Accordingly, Plaintiffs fail to meet the fourth element required for a prima facie case of discrimination.

5

C.  Conclusion

For the foregoing reasons, we find Defendant has shown there is no genuine dispute as to any material fact that Plaintiffs cannot make a prima facie case for their discrimination claims. As a matter of law, Defendant is not liable to Plaintiffs. Accordingly, Defendant's motion for summary judgment is GRANTED.

SIGNED on this 30th day of September, 2011 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge